Although the issue is close, based upon the evidence in this record I conclude that the trial court did not abuse its discretion in overruling Mr. Penewit's motion for modification of spousal support. It could reasonably have concluded that Ms. Penewit's need for support and Mr. Penewit's ability to pay justified continuation of the support.
I write separately because I do conclude that Mr. Penewit demonstrated a change of circumstances justifying reconsideration of the spousal support award. Whenever an obligor spouse retires and begins receiving a retirement benefit, the financial circumstances of both spouses change, because each begins receiving some portion of those retirement benefits. By itself, this affects the obligee spouse's need for support and the obligor spouse's ability to pay.
I am concerned that if retirement is viewed as not constituting a change of circumstances because it is foreseeable, certainly, at the time of the original decree, so that it must be deemed to have been contemplated by the trial court in connection with the decree, then retirement will never be regarded as a proper occasion for a modification of spousal support. In my view, this would be an absurd result that the General Assembly could not have intended when it enacted R.C. 3105.18.
Consider, for example, a long-term marriage where the husband is totally disabled, and the wife enjoys an excellent salary — $200,000 — as the CEO of a small, but successful, business. Upon divorce, she is ordered to pay one-third of her income, $70,000 in round terms, as spousal support, indefinitely. Her retirement account is ordered divided equally, it having all accrued during the marriage.
At age 70, the wife retires. This is certainly a foreseeable event. It is the very reason for the retirement account. Because the retirement funds have been prudently invested, they produce $200,000 a year as a retirement benefit. They are divided equally, $100,000 to the wife, $100,000 to the husband. If the wife's retirement is discounted as a change in circumstances, because it was foreseeable, and therefore contemplated, at the time of the divorce, it cannot serve as a basis for modifying spousal support. Thus, after her retirement, the wife will receive $30,000 a year, being her $100,000 share of the retirement benefit less the $70,000 support paid to her husband; and the husband will receive $170,000 a year. Perhaps someone can regard this as an equitable result. I cannot.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).